IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                          )        CRIMINAL CASE NO. CM 0053-12
                                         )
            vs.                          )        **DECISION AND ORDER**
                                         )        **(Motion to Dismiss)**
BARBARA MENO BRAGA,                      )
                          Defendant.     )

This Matter came before the HONORABLE SENIOR PRO TEMPORE ELIZABETH BARRETT-ANDERSON on September 21, 2012 as Defendant's Motion to Dismiss Counts Two, Three and Four (hereinafter the "Motion"). People were represented by Assistant Attorney General Frances DeCecco and Defendant was represented by Attorney Suresh Sampath. The Court having considered the motion and all of the arguments now issues the following decision.

## BACKGROUND

The People filed a Magistrate's Complaint (hereinafter "Complaint") on January 17, 2012 charging Defendant with (1) Diving While Under the Influence of Alcohol; (2) Operating a Motor Vehicle Without Registration; (3) Operating a Motor Vehicle Without Valid Insurance; and (4) Reckless Driving. The People agreed to dismiss count three, Operating a Motor Vehicle Without Valid Insurance.[1] The facts as alleged in the probable cause declaration to the Complaint state: on or about the 15th day of January, 2012, at approximately 8:45pm, an officer responded to a reported accident on Route 15 by Andy South in Dededo, Guam. There, the officer met Defendant, who was involved in a sideswipe of another vehicle and failed to stop at the scene. Defendant's car was rendered inoperable and stopped further down the road past the scene of the accident. The officer noted Defendant had a strong odor of intoxicants emitting

---
[1] People's Response to Mot. to Dismiss, p 1.

from her breath, did not have insurance, and that the vehicle was unregistered. Defendant admitted to drinking three cups of mixed drinks and failed a standardized field sobriety test and Defendant failed to complete a breathalyzer.

## DISCUSSION

Defendant challenges the sufficiency of the pleadings, namely the People's probable cause declaration. Defendant argues, "in count two, the Prosecution has failed to allege facts sufficient to meet the probable cause standard that Ms. Braga operated a motor vehicle with knowledge or intent that the registration was expired, or with reckless disregard of that fact... and in count four the Prosecution has failed to allege facts sufficient to meet the probable cause standard that Ms. Braga operated a motor vehicle in wanton and willful disregard to the safety of persons and property." Mot. To Dismiss p. 1 (August 24, 2012).

Title 8 G.C.A. § 15.10 provides that a complaint is a "written statement of the essential facts constituting the offense charged." A complaint is subject to the same rules of pleading as an indictment. An indictment pleading must contain plain and concise statements of essential facts constituting the offense charged.[2] It is well established law that an accusatory pleading is sufficient if: (1) it contains the necessary elements of the crime alleged; (2) it informs the defendant of the crime charged with sufficient clarity to allow him to defend against the charges; and (3) it is stated with sufficient clarity to bar subsequent prosecution for the same charge.[3] The People must also provide affidavits showing "probable cause to believe that an offense has been committed and that the defendant has committed it."[4] The Complaint, therefore, must simply state the nature of the charge and the facts in support of the probable

[2] 8 G.C.A. 55.10.
[3] *People v. Angoco, Not Reported in F. Supp 1996 WL 87577* (D. Guam 1996) (*citing* United *States v. Boone*, 951 F2d 1526 (9th Cir. 1991), and *People of Territory of Guam v. Muna, Not Reported*, F. SUpp. 1996 WL 104532 (D. Guam 1996).
[4] 8 G.C.A. §15.20(a).

cause determination. The Complaint does not have to show facts beyond a reasonable doubt, but merely facts sufficient to lead a reasonable person to believe a crime has been committed, and that the defendant committed the crime.

On January 17, 2012, a Magistrate Hearing was conducted at which time the court reviewed the probable cause sufficiency of the Declaration, and a Section 15.10 review of the Complaint. The Magistrate Judge found both sufficient. This Court will review both pleadings in light of Defendant's specific challenges.

## 1. Operating a Motor Vehicle Without Registration - CHARGE 2

Drivers are prohibited from operating unregistered motor vehicles in the Territory of Guam. Operating a Motor Vehicle Without Registration is defined as follows: "a person shall not drive or move, nor shall any owner permit to be driven or moved, upon a highway any vehicle which is not registered."[5] Operating a Motor Vehicle Without Registration is a petty misdemeanor,[6] a criminal offense punishable by up to 60 days of imprisonment.[7]

Title 9 G.C.A. 4 §§ 4.10-4.50 sets forth the basic foundation of criminal liability. To commit a crime a person must: 1) voluntarily act; 2) the act committed or omission is unlawful; 3) had the mental culpability or "guilty" mental state to commit the crime; and 4) the crime would not have occurred but for the person's actions.[8] A person is not guilty of a crime unless "he acts intentionally, knowingly, recklessly or with criminal negligence, as the law may require, with respect to the conduct, the result thereof or the attendant circumstances which constitute the material elements of the crime.[9]" When the definition of a crime does not

---

[5] 16 GCA §7101.
[6] Under 16 GCA 9108, the legislature has determined that all offenses under title 16 are petty misdemeanors. The law states" except in cases where a different punishment is provided by this Title, every person who fails or refuses to comply with or violates any provision of this Title is guilty of a petty misdemeanor."
[7] 9 GCA §80.34.
[8] 9 GCA 4, Comment Section preceding Section 4.10
[9] 9 GCA §4.25

expressly set forth the culpable mental state, "a culpable mental state is nonetheless required and is established only if a person acts intentionally, knowingly, or recklessly.[10]"

Statutorily Charge 2 does not specifically require a mental state nor does it dispense the culpability requirement.[11] The People assert it is a strict liability offense and that "the People bear no burden of alleging that *Braga knowingly, intentionally or recklessly* drove a vehicle without valid registration, simply that she *voluntarily* drove such vehicle on the streets of Guam.[12]" This argument is inconsistent with the People's charging document wherein they specifically charged Defendant with having knowingly committed the crime:

> "On or about the 15th Day of January 2012, in Guam, BARBARA MENO BRAGA did commit the offense of *Operation of a Motor Vehicle Without Registration,* in that she did **knowingly** drive on a highway a motor vehicle which was not registered as required under the Motor Vehicle Code of Guam, in violation of 16 G.C.A. §§ 7101 and 7130. (emphasis added)

The People raised its burden by pleading that the Defendant *knowingly* operated an unregistered motor and must provide a factual basis to support the charge. Nowhere in the declaration can the Court find a factual basis that Defendant knew, or was practically certain that she was operating an unregistered motor vehicle. The pleading is defective under Title 8 G.C.A. § 15.10. Defendant's Motion is granted as to Charge 2.

## 2. Reckless Driving – CHARGE 4

Reckless Driving is defined as "every person who drives any vehicle upon a highway in willful or wanton disregard for the safety of persons or property,[13]" The People need not allege both willful *and* wantoness, but one or the other is sufficient. The term willful is defined as

---

[10] 9 GCA §4.40.
[11] 9 GCA §4.45.
[12] People's Response to Motion to Dismiss Counts Two, Three, and Four, pg. 2 ¶2.
[13] 16 GCA § 9107(a).

"intentional, [14]" relating to the disregard of safety and not "merely to the act done in disregard thereof.[15]" The term "wantoness" is defined as including "elements of consciousness of one's conduct, intent to do or omit the act in question, realization of the probable injury to another and reckless disregard of consequences.[16]"

The Declaration alleges the Defendant was operating a vehicle that sideswiped another car causing an accident. The GPD Officer at the scene noted the strong odor of intoxicating liquor on Defendant's breath, and she allegedly admitted to consuming three cups of mixed drinks earlier. The GPD Officer also stated in his report that Defendant failed her Field Sobriety Test, as well as did not complete the breathalyzer.

Defendant argues that neither the accident or her alleged inculpatory statements alone "do not make up a claim of reckless driving." Mot. To Dismiss p. 7 (August 24, 2012).

The Guam Supreme Court looks to "the totality of the circumstances" in determining if the evidence presented can establish the essential elements of Reckless Driving. *People v. Maysho* 2005 Guam 4. Furthermore, under the Title 16 G.C.A. § 9107, the legislative commentary cites two decisions where evidence of intoxication was a factor in establishing the charge of Reckless Driving.[17] In *People v. Carolan*, the Court held "evidence of intoxication, excessive speed and crossing a no-passing line shortly before an accident amply prove the charge of reckless driving.[18]" Intoxication is further considered in People *v. Santos*, in which the Court held, "where [a] drinking and speeding driver skids twice into path of oncoming cars before accident, he knows or could appreciate fact that his actions could cause danger, and was

---

[14] Guam law defines intent as when "[a] person acts intentionally, or with intent, with respect to his conduct or to a result thereof when it is his conscious purpose to engage in the conduct or cause of the result thereof." 9 GCA §4.30(a).
[15] *People v. Maysho* 2005 Guam 4, ( *citing People v. McNutt*, 105 P.2d 657, 659 (Cal. App. Dep't.Super.Ct.1940).
[16] *Id*, (*citing People v. McNutt*, 105 P.2d at 658 (Cal. App. Dep't.Super.Ct.1940).
[17] Title 16 G.C.A. § 9107,
[18] 1 Guam R. 103. (D.C. Guam App. Div. 1963).

guilty of reckless driving.[19]" The Court clarifies, "while drinking alone will not constitute reckless driving, such drinking may be evaluated as part of evidence showing reckless driving.[20]" In both cases, the determination of Reckless Driving was not found on evidence of intoxication alone, rather, intoxication was deemed as a legitimate factor in proving the essential elements of the crime.

The Court finds that the People have met the basis for a probable cause determination to the Charge of Reckless Driving against the Defendant. Whether the Charge survives trial standards is a question to be determined by the jury, and not this Court. It is not the basis for a dismissal motion.

The Court finds that Charge 4 meets Title 8 G.C.A. § 15.10 standards.

## CONCLUSION

For the foregoing reasons, CHARGE 2 is dismissed without prejudice. Defendant's Motion is DENIED as to CHARGE 4.

The Complaint will go forward on CHARGE 1 and CHARGE 4. Criminal Trial Setting is scheduled for __DEC 1 7 2012__, 2012 at __9am__ p.m. (JVPP)

NOV 1 9 2012

IT IS SO ORDERED: _____

_____
HONORABLE ELIZABETH BARRETT- ANDERSON
Senior Judge Pro Tempore, Superior Court of Guam

I hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam

NOV 1 9 2012

Florene Rivera
Deputy Clerk Superior Court of Guam

---

[19], In *People v. Santos*, 1 Guam R. 399 (D.C. Guam, App. Div. 1963).
[20] *Id.*